**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-9

UNITED STATES TAX COURT

CURTIS JAY RICHARDSON AND VICTORIA J. RICHARDSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4280-12S.                    Filed January 30, 2014.

Curtis Jay Richardson and Victoria J. Richardson, pro sese.

<u>Jenny R. Casey</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,418 in petitioners' Federal income tax and a section 6662(a) accuracy-related penalty of $1,083.60 for 2008. Respondent also determined a deficiency of $5,190 in petitioners' Federal income tax and a section 6662(a) accuracy-related penalty of $1,038 for 2009. The issues for decision are whether petitioners are: (1) entitled to dependency exemption deductions for any of their four children; (2) entitled to the child tax credit for any of their four children; and (3) liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in California when the petition was filed.

Petitioners timely filed their 2008 joint Federal income tax return. On the 2008 return petitioners claimed dependency exemption deductions for four children, a child tax credit, and an additional child tax credit.

Petitioners timely filed their 2009 joint Federal income tax return. On the 2009 return petitioners claimed dependency exemption deductions for four children and a child tax credit.

The State of California removed petitioners' four children from their home in 2006, and the children did not live with petitioners at any time during 2008 or 2009.

Petitioners' 2008 and 2009 returns were selected for examination. Respondent issued to petitioners a notice of deficiency for 2008, disallowing the claimed dependency exemption deductions, the child tax credit and the additional child tax credit and determining a deficiency and an accuracy-related penalty. Respondent issued to petitioners a notice of deficiency for 2009, disallowing the claimed dependency exemption deductions and the child tax credit and determining a deficiency and an accuracy-related penalty. Petitioners timely filed a petition disputing the notices of deficiency.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch

v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

I. Dependency Exemption Deduction

A taxpayer is entitled to a dependency exemption deduction under section 151(c) only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a). A qualifying child includes the taxpayer's child, brother, sister, stepbrother, stepsister, or a descendant of any of them. See sec. 152(c)(1) and (2). In addition, section 152(c) provides in pertinent part that an individual is a qualifying child of the taxpayer only if: (1) the child had the same principal place of abode as the taxpayer for more than one-half of the taxable year; (2) the child meets specified age requirements; and (3) the child did not provide over one-half of his or her own support for the taxable year.

All four of the dependency exemption deductions were claimed with respect to petitioners' biological children. Petitioners, however, have not shown that any of the children resided with them during any part of 2008 or 2009. Similarly, petitioners have not made any showing with respect to support of the children.

The Court concludes that none of petitioners' children is a "qualifying child" as defined by section 152(c) and as a result, petitioners are not entitled to dependency exemption deductions for any of their children for 2008 or 2009.

II. Child Tax Credit

Subject to limitations, section 24(a) provides a credit with respect to each qualifying child of a taxpayer. A portion of the credit may be refundable. Sec. 24(d). The refundable portion of the credit is commonly referred to as the additional child tax credit. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

As previously mentioned, we have determined that petitioners have no qualifying child within the meaning of section 152(c). Therefore, petitioners are not entitled to a child tax credit for 2008 or 2009 or an additional child tax credit for 2008.

III.  Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a penalty equal to 20% of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations or any substantial understatement of income tax.  The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662(a) penalty.  Sec. 7491(c).  At trial the Commissioner must introduce sufficient evidence "indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If the Commissioner satisfies his initial burden of production, the burden of producing evidence to refute the Commissioner's evidence shifts to the taxpayer, and the taxpayer must prove that the penalty does not apply.  Id. at 447.

Respondent determined that petitioners were liable for the section 6662(a) accuracy-related penalty due to negligence or disregard of rules or regulations or for a substantial understatement of income tax for 2008 and 2009.[1]

For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard

---

[1]The Court need not decide whether petitioners are liable for a sec. 6662(a) penalty for a substantial understatement of income tax.

includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) ("'Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299)); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent has met his burden of production under section 7491(c) because petitioners claimed dependency exemption deductions and child tax credits in 2008 and 2009 for children who had been removed from their home in 2006.

A taxpayer may avoid liability for the section 6662 penalty by demonstrating that he or she had reasonable cause for the underpayment and that he or she acted in good faith with respect to the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's

effort to assess his or her proper income tax liability.  Id.; see also Woodsum v. Commissioner, 136 T.C. 585, 591 (2011).

Petitioners made no showing regarding their attempts to assess their proper income tax liability.  The Court, therefore, concludes that petitioners are liable for section 6662(a) accuracy-related penalties for negligence for 2008 and 2009.

The term "underpayment" in section 6662(a) means, in this case, the amount by which the proper tax due exceeds the amount shown on the return.  Petitioners reported a zero tax liability on their return for 2008 after applying the child tax credit, and they claimed a refundable additional child tax credit of $1,409.  The Court has sustained respondent's determination that petitioners' correct tax liability is $4,009.  But respondent computed the accuracy-related penalty on the basis of an underpayment of $5,418 ($4,009 + $1,409), in effect treating petitioners' disallowed $1,409 of claimed additional child tax credit as a negative amount of tax.  Refundable credits must be taken into account when determining the amount of tax shown on the return; however, the Commissioner may not use the refundable additional child tax credit to reduce the amount of tax shown on a return below zero.  Rand v. Commissioner, 141 T.C. _ , _ (slip op. at 16) (Nov. 18, 2013).  Therefore, the accuracy-related penalty for 2008 may be computed only on the basis of an underpayment of $4,009.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.